IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CRIMINAL NO. 17-12 (DRD)

ANGEL LUIS BON-MATOS,
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy R. Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Alexander L. Alum, Assistant United States Attorney, along with the defendant, Angel Luis Bon-Matos, and his counsel, Giovanni Canino, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count Two of the Indictment which alleges that on or about January 6, 2017, Angel Luis Bon-Matos, did knowingly possess a firearm modified to shoot more than one round of ammunition, without manual reloading, by a single function of the trigger, to wit: a model 21, .45 caliber, Glock pistol bearing serial number TSC684. All in violation of Title 18, United States Code, Section 922(o)(1).

2. **STATUTORY MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count Two of the Indictment is a term of imprisonment of not more than ten (10) years, pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

3. **SENTENCING GUIDELINES APPLICABILITY**

The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, the defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

ALBM

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines. Further, the defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant is pleading guilty. The defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision on whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the defendant submit the following advisory Guideline calculations:

ALBM

| SENTENCING GUIDELINE CALCULATION 18 U.S.C. § 922(o)(1) | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K2.1(a)(5) | 18 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1(a)-(b) | -3 |

| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | |
|---|---|---|---|---|---|---|---|---|---|
| | 15 | 018-024 | 021-027 | 024-030 | 030-037 | 037-046 | 041-051 | | 15 |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

The parties agree to recommend a sentence within the guideline range applicable to a total offense level of 15 when combined with the criminal history category the Court determines is applicable. The parties further agree that the sentencing recommendation set forth herein is reasonable pursuant to 18 U.S.C. § 3553(a).

10. **WAIVER OF APPEAL**

The defendant hereby agrees to waive and surrender his right to appeal the judgment and sentence in this case if the Court accepts this Plea and Forfeiture Agreement and sentences him according to its terms, conditions, and recommendations.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea and

*ALBM*

Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with his counsel, Giovanni Canino, Esq., and asserts that counsel has rendered effective legal assistance.

13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

The defendant understands that by entering into this Plea and Forfeiture Agreement, he surrenders certain rights as provided in this agreement. The defendant understands that his rights as a criminal defendant include the following:

a. If he had persisted in a plea of not guilty to the charges, the defendant would have the right to a speedy jury trial with the assistance of counsel. The trial would be conducted by a judge sitting without a jury if the defendant, the United States and the judge agreed.

b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

ALBM

OK

   e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If he desired to do so, the defendant could testify on his own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea and Forfeiture Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts contained therein are accurate in every respect, and that the United States would have proven those facts beyond a reasonable doubt had the matter proceeded to trial.

15. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): a model 21, .45 caliber, Glock pistol bearing serial number TSC684 and 39 rounds of ammunition. The defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(g)(1) [(o)(1)], as set forth in Count One [Two] of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

OK  ALBM  VDB

16. **LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal, district, state, or local authorities.

17. **ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States and Defendant. The United States has made no promises or representations

except as set forth in writing in this Plea and Forfeiture Agreement, and denies the existence of any other term or condition not stated herein.

18. **AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

20. **DISMISSAL OF REMAINING COUNT**

At sentencing, the United States agrees to dismiss Count One of the Indictment, which charges a violation of 18 U.S.C. § 922(g)(1)

*[handwritten initials: GG, ALBM, VDB]*

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy R. Henwood**
First Assistant United States Attorney
Dated: 4-9-17

_____
**Giovanni Canino, Esq.**
Counsel for Defendant

_____
**Jenifer Y. Hernandez-Vega**
Assistant United States Attorney
Chief, Violent Crimes Unit
Dated: 4/7/2017

_____
**Angel Luis Bon-Matos**
Defendant
Dated: May 2, 2017

_____
**Alexander L. Alum**
Assistant United States Attorney
Dated: 4/7/17

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, after consulting with my attorney, I fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My attorney has translated this Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea and Forfeiture Agreement and voluntarily agree to it.

Date: 5/2/17

*Angel Luis Bon-Matos* (signature)
**Angel Luis Bon-Matos**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant's his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with the defendant. I have translated the Plea and Forfeiture Agreement and explained it to the defendant in the Spanish language. The defendant has expressed having no doubts as to the contents of the Plea and Forfeiture Agreement. To my knowledge, the defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of his plea of guilty.

Date: 5/2/17

(signature)
**Giovanni Canino, Esq.**
Counsel for Defendant

ALBM

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States and the defendant, Angel Luis Bon-Matos, agree that the following is a true and accurate summary of the facts leading to the defendant's acceptance of criminal responsibility for violating 18 U.S.C. § 922(o)(1).

On January 6, 2017, agents of the Puerto Rico Police Department ("PRPD") assigned to the Carolina Motorized Unit were patrolling the area of El Residencial El Coral in Carolina, Puerto Rico. While patrolling this area, PRPD officers observed a group of individuals loitering near an electrical transformer in the outdoor common area of the residence. Upon seeing the PRPD officers, an individual later identified as Angel Luis Bon-Matos placed his hand on a black satchel he was wearing around his neck and ran away. The PRPD officers chased Bon-Matos into an open apartment, where Bon-Matos threw the black satchel he was carrying. The PRPD officers ultimately detained Bon-Matos, and recovered the black satchel. Inside this black satchel, the PRPD officers found a model 21, .45 caliber, Glock pistol bearing serial number TSC684 loaded with 13 rounds of ammunition.

Bon-Matos admitted to agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") that he had purchased the firearm approximately two months prior, and that he had purchased it with a "chip." The term "chip" is street jargon for a device that converts a semi-automatic firearm into a fully automatic one. Laboratory analysis confirmed that the firearm seized from Bon-Matos on January 6, 2017 is capable of firing multiple rounds of ammunition, without manual reloading, by a single function of the trigger.

For purposes of this Plea and Forfeiture Agreement, Angel Luis Bon-Matos acknowledges that on January 6, 2017, he possessed a firearm which he then knew was a machinegun.

The United States has provided discovery to the defendant in a timely manner for review.

_____
**Alexander L. Alum**
Assistant United States Attorney
Dated: 4/7/17

_____
**Giovanni Canino, Esq.**
Counsel for Defendant
Dated: 5/2/17

_____
**Angel Luis Bon-Matos**
Defendant
Dated: 5/2/17