# UNITED STATES DISTRICT COURT

District of Puerto Rico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Angel L. Bon-Matos | JUDGMENT IN A CRIMINAL CASE<br><br>Case Number: 3:17CR0012-01(DPJ)<br><br>USM Number: 49956-069<br><br>FPD Juan Michelen<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   Two of the Two Count Indictment

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 922(O) and 924(a)(2) | Possession of a Machine Gun | 01/06/2017 | 2 |

  The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/07/2017
Date of Imposition of Judgment

_Signature of Judge_

The Honorable Daniel P. Jordan III    Chief U.S. District Judge
Name and Title of Judge

11-9-17
Date

DEFENDANT: Angel L. Bon-Matos
CASE NUMBER: 3:17CR0012-01(DPJ)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

22 months

☑ The court makes the following recommendations to the Bureau of Prisons:

Designation to an Federal Correctional Institution in the State of Florida

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.
☐

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Angel L. Bon-Matos
CASE NUMBER: 3:17CR0012-01(DPJ)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Angel L. Bon-Matos
CASE NUMBER: 3:17CR0012-01(DPJ)

Judgment—Page 4 of 6

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of supervised release recommended by the United States Sentencing Commission and adopted by this Court.
2. The defendant shall not unlawfully possess controlled substances.
3. The defendant shall refrain from possessing firearms, destructive devices, and other dangerous weapons.
4. The defendant shall participate in transitional and reentry support services, including cognitive behavioral treatment services, under the guidance and supervision of the Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider with the approval of the Probation Officer.
5. The defendant shall provide the U.S. Probation Officer access to any financial information upon request.
6. The defendant shall submit to a search of his person, property, house, residence, vehicles, papers, computer, other electronic communication or data storage devices or media, and effects (as defined in Title 18, U.S.C., Section 1030(e)(1)), to search at any time, with our without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the probation officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The probation officer may seize any electronic device which will be subject to further forensic investigation/analyses. Failure to submit to such a search and seizure, may be grounds for revocation. The defendant shall warn any other residents or occupants that their premises may be subject to search pursuant to this condition. In consideration of the Supreme Court's ruling in Riley v. California, the court will order that any search of the defendants phone by probation, while the defendant is on supervised release, be performed only if there is reasonable articulable suspicion that a specific phone owned or used by the defendant contains evidence of a crime or violation of release conditions, was used in furtherance of a crime, or was specifically used during the actual commission of a crime.
7. The defendant shall participate in an approved substance abuse monitoring and/or treatment services program. The defendant shall refrain from the unlawful use of controlled substances and submit to a drug test within fifteen (15) days of release; thereafter, submit to random drug testing, no less than three (3) samples during the supervision period and not to exceed 104 samples per year accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If deemed necessary, the treatment will be arranged by the officer in consultation with the treatment provider. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the Probation Officer based on the ability to pay or availability of third party payment.

DEFENDANT: Angel L. Bon-Matos
CASE NUMBER: 3:17CR0012-01(DPJ)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| TOTALS | $ 100.00       | $                    | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|--------------------|-------------------------|----------------------------|
| TOTALS            | $ 0.00             | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

    In the event that the fines/restitution is not paid in full at the end of supervision, the defendant is ordered to enter into a written agreement with the Financial Litigation Unit of the U.S. Attorney's Office for payment of the remaining balance. Additionally, the value of any future discovered assets may be applied to offset the balance of criminal monetary penalties. The defendant may be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    One (1) Glock Model 21 Gen4 .45 ACP caliber pistol bearing serial number TSC684 and 39-rounds .45 ACP caliber Ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.